UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Matthew Geragos          Seth Wiener

**Proceedings:**    PLAINTIFF'S MOTION FOR AN ORDER REMANDING ACTION (Dkt. 10, filed on June 5, 2026)

MORGAN CASH INC.'S AND YYM HOLDINGS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT (Dkt. 8, filed on May 27, 2026)

## I.    INTRODUCTION

On January 28, 2026, plaintiff The Sina Firm, APC ("Sina") filed this action in Los Angeles County Superior Court against defendants Morgan Cash, Inc. ("Morgan Cash"), Premium Merchant Funding, LLC ("PMF LLC"), Premium Merchant Funding One, LLC ("PMF One LLC"), Premium Merchant Funding UK LLC ("PMF UK LLC"), Abe Burger ("Burger"), Elie Goldshan ("Goldshan"), and Does 1 through 10 (collectively, "defendants").  Dkt. 1-1 at 8-14 ("Compl.").  Plaintiff asserted three causes of action against defendants under California law.

On April 27, 2026, plaintiff filed its operative First Amended Complaint in Los Angeles County Superior Court, which adds YYM Holdings, LLC d/b/a Morgan Cash ("YYM LLC"), Yechiel Machael Jaffe ("Jaffe"), Yaacov Lipskier ("Lipskier"), Menachem Mendel Gahfi ("Gahfi"), and Schneur Seewald ("Seewald") as defendants.  Dkt. 1-1 at 16-25 ("FAC").  Plaintiff's operative FAC asserts three claims under California law against all defendants: (1) unlawful activities relating to commercial email advertisements, Cal. Bus. & Prof. Code § 17529.5; (2) unfair competition, Cal. Bus. & Prof. Code § 17200 ("UCL claim"); and (3) false or misleading statements, Cal. Bus. & Prof. Code § 17500.  Id. at 21-22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

On May 17, 2026, defendant Morgan Cash removed plaintiff's action to this Court, based on diversity jurisdiction. Dkt. 1 ("Notice of Removal").

On May 27, 2026, defendants Morgan Cash and YYM LLC filed the instant motion to dismiss plaintiff's FAC. Dkt. 8 ("Mot. dismiss"). On June 5, 2026, plaintiff filed an opposition. Dkt. 9 ("Opp. to mot. dismiss"). On June 15, 2026, Morgan Cash and YYM LLC filed a reply. Dkt. 12 ("Reply to mot. dismiss").

On June 5, 2026, plaintiff filed the instant motion for an order remanding the action to state court. Dkt. 10 ("Mot. remand"). On June 15, 2026, Morgan Cash filed an opposition. Dkt. 13 ("Opp. to mot. remand"). On June 17, 2026, plaintiff filed a reply. Dkt. 14 ("Reply to mot. remand").

On July 6, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges the following in its operative FAC:

Plaintiff is a California professional corporation with its principal place of business within Los Angeles County. FAC ¶ 4.

Defendants Morgan Cash, Inc.; YYM Holdings, LLC d/b/a Morgan Cash; Yechiel Machael Jaffe; Yaacov Lipskier; Menachem Mendel Gahfi; Schneur Seewald; and Does 1-5 are referred to, collectively, as the "Morgan Cash defendants." Defendant Morgan Cash is a New York corporation engaged in the business of marketing financial products and services, including through commercial email solicitations transmitted into California. Id. ¶ 7. Defendant YYM LLC is a New York limited liability company and acts in concert and aids and abets Morgan Cash. Id. Defendants Jaffe, Lipskier, Gahfi, Seewald are individuals residing in New York who are owners, officers, and managing agents of Morgan Cash. Id. ¶ 8.

Defendants Premium Merchant Funding, LLC; Premium Merchant Funding One, LLC; and Premium Merchant Funding UK LLC are referred to, collectively, as the "PMF defendants." The PMF defendants are New York and/or California entities engaged in the business of marketing financial products and services, including through commercial email solicitations transmitted into California. Id. ¶ 5. Defendants Abe Burger and Elie Goldshan are individuals residing in New York. Id. ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:26-cv-05297-CAS-AJRx | | Date | July 6, 2026 |
|---|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | | |

Defendants sent commercial emails to plaintiff after ignoring plaintiff's multiple email unsubscribe requests, in violation of California law. Id. ¶ 2.

Starting in September 2025, the PMF defendants sent plaintiff unsolicited commercial email advertisements promoting PMF's financial services. Id. ¶ 15. On December 23, 2025, plaintiff exercised the unsubscribe mechanism provided in PMF defendants' email and received written confirmation stating that plaintiff's email address had been removed from all PMF mailing lists. Id. ¶ 16. On December 29, 2025, plaintiff again unsubscribed and received a second written confirmation expressly stating that plaintiff had been removed from all mailing lists. Id. ¶ 17. Despite these confirmations, the PMF defendants continued to send plaintiff commercial email advertisements. Id. ¶ 18. After December 29, 2025, the PMF defendants have transmitted at least nineteen additional commercial emails to plaintiff. Id. ¶ 19.

Starting on or about November 18, 2025, the Morgan Cash defendants sent plaintiff multiple unsolicited commercial email advertisements promoting Morgan Cash's financial services. Id. ¶ 20. On November 18, 2025, plaintiff exercised the unsubscribe mechanism provided in Morgan Cash defendants' email and received written confirmation stating that plaintiff's email address had been removed from all Morgan Cash mailing lists. Id. ¶ 21. On November 20, 2025, plaintiff again unsubscribed and received a second written confirmation expressly stating that plaintiff had been removed from all mailing lists. Id. ¶ 22. Despite these confirmations, the Morgan Cash defendants continued to send plaintiff commercial email advertisements. Id. ¶ 23. After November 20, 2025, Morgan Cash defendants transmitted at least thirty-four additional commercial emails to plaintiff. Id. ¶ 24.

Each of these emails sent by defendants was sent after plaintiff had opted out and after defendants had acknowledged the opt-out. Id. ¶ 25. Defendants had actual notice of plaintiff's opt-out requests, expressly confirmed removal from all mailing lists on two separate occasions, and nonetheless additional commercial emails were sent. Id. ¶ 26. Both the PMF defendants and the Morgan Cash defendants utilized a professional email marketing platform that automatically enforces unsubscribe and suppression lists. Id. ¶ 27. Defendants' use of such a platform implies that compliance should have been technologically simple, routine, and within their control. Id. ¶ 27. Plaintiff did not consent to receive the post-unsubscribe emails and suffered statutory harm as defined by California law. Id. ¶ 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

## III.  LEGAL STANDARD

### A.    Motion for Remand

A motion for remand is the proper procedure for challenging removal.  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  See 28 U.S.C. § 1447(c).  The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:3741 (The Rutter Group 2020).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal.  When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal.  Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986).  If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion.  McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000).  Pursuant to 28 U.S.C. § 1447(c), a motion for remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant."  Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant.  Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

Trial ¶ 2:670 (2005).  If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes.  Id.  "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff.  Id. ¶ 2:671.  Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one.  The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court."  Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted).  Because courts must resolve all doubts against removal, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor."  Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).  Thus, "[i]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand."  Id.; see also Good v. Prudential, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant").

In determining whether a party has been fraudulently joined, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'"  Schwarzer ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)).  Whether a defendant simply attacks the pleadings or relies on submitted evidence, fraudulent joinder must be proven by "clear and convincing evidence."  Pampilonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1988), cited with approval in Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

**B.    Rule 12(b)(6)**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL              'O'

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
|----------|------------------------|------|--------------|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.    DISCUSSION

### A.    Plaintiff's Motion to Remand

Plaintiff moves for a Court order remanding this action to state court on the ground that there is a lack of complete diversity between the parties. Mot. remand at 3. Plaintiff argues that Morgan Cash has failed to meet its burden of establishing complete diversity because it fails to establish the citizenship of all defendants, including the citizenship of any member of the four defendant LLCs: YYM LLC, PMF LLC, PMF One LLC, and PMF UK LLC. Id. Plaintiff further argues that remand is proper because "an entity bearing the exact name of a defendant in this case— Premium Merchant Funding One, LLC—is 'Formed In CALIFORNIA' (Entity No. 202250717519) and maintains a California principal address." Id. at 6. In the alternative, plaintiff argues that the forum defendant rule bars removal, and that Morgan Cash may not rely on the "snap removal" rule to maintain the action in this Court. Id. at 6. Plaintiff argues that Morgan Cash improperly premised its removal on its contention that it removed this action to this Court before any forum defendant was served; plaintiff states that "[a] defendant denominated Premium Merchant Funding One, LLC was served on January 30, 2026—nearly four months before the May 17, 2026 removal—at a California address." Id.

In opposition, Morgan Cash argues that remand is improper because complete diversity exists between plaintiff and every defendant. Opp. to mot. remand at 1. Morgan Cash argues that defendant PMF LLC (California) is a sham defendant "created by a vexatious litigant Anton A. Ewing, in connection with a lawsuit captioned Anton A. Ewing v. Premium Merchant Funding One, LLC, United States District Court for the Southern District of California, Case No. 3:22-cv-00215-JO-DDL." Id. at 2. Morgan Cash further argues that PMF One LLC (New York) "is a limited liability company organized under the laws of the State of New York with its principal place of business in the State of New York" whose "members are resident in the State of Florida and the Commonwealth of Puerto Rico"; however, "[t]here is also another California limited liability company with the name Premium Merchant Funding One, LLC ["PMF One LLC (California)"], which was also created by the [same] vexatious litigant [Anton A. Ewing] and is a sham defendant." Id. Morgan Cash argues that the citizenships of sham defendants PMF LLC (California) and PMF One LLC (California) must be disregarded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

because plaintiff could not possibly maintain a claim against either sham defendant. Id. at 5-6.

In reply, plaintiff argues that remand is proper because Morgan Cash has failed to establish the citizenship of the LLC defendants. Reply to mot. remand at 3. Plaintiff argues that, with respect to defendant PMF LLC (California), Morgan Cash has not provided information "about who its members are or where they are located." Id. at 3. Plaintiff argues that this omission "leaves open the very possibility … that … defendant [PMF LLC] shares Plaintiff's California citizenship." Id. Plaintiff further argues that, with respect to PMF One LLC (California), Morgan Cash has similarly failed to provide information as to the citizenship of the members of PMF One LLC (California). Id. Plaintiff argues that, with respect to YYM LLC, Morgan Cash has failed to establish that YYM LLC is a citizen of a state that is diverse from plaintiff. Id. at 3-4. Plaintiff argues that while Morgan Cash provides a declaration from Schneur Seewald stating that YYM Holdings LLC has two members, Makome Inc. and Morgan Cash Inc.—which are both New York corporations—Seewald's declaration must be disregarded because it is contradicted by public records.[1] Plaintiff argues that because the citizenship of YYM LLC is genuinely disputed and creates a doubt as to this Court's jurisdiction over this action, the action must be remanded. Id. at 4-5. Plaintiff further argues that Morgan Cash has failed to meet its heavy burden of demonstrating that PMF LLC and PMF One LLC were fraudulently joined as sham defendants. Id. at 5. Plaintiff argues that Morgan Cash offers only "the conclusory assertion that the Premium Merchant Funding entities were 'created by a vexatious litigant' and Mr. Burger's say-so that one entity 'has no connection and is a sham defendant' (Burger Decl. ¶ 3)—offered without member information, corporate records, or any evidence that dismissal of these defendants is compelled by 'settled' California law." Id. at 5-6.

---

[1] Plaintiff argues that "[YYM LLC's] own organizational record lists its founding members as two individuals—Yechiel Michael Jaffe and Menachem Mendel Gahfi—not Makome [Inc.] and not Morgan Cash [Inc.]." Id. at 4. Moreover, plaintiff argues that "in a 2024 New York proceeding in which Mr. Seewald was himself a petitioner, Mr. Jaffe affirmed under penalty of perjury that he 'is an owner of YYM Holdings, LLC,' and that 'Makome Inc is not an owner' and 'Morgan Cash, Inc is not an owner' of YYM [LLC]." Id. Plaintiff also argues that a "federal tax record … identifies Yechiel Michael Jaffe as [YYM LLC's] member." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

The Court finds that remand is not warranted because Morgan Cash has met its burden of establishing that removal was proper. Here, plaintiff, a California citizen, asserts claims against five entity defendants (Morgan Cash, PMF LLC, PMF One LLC, PMF UK LLC, and YYM LLC) and six individual defendants (Burger, Goldshan, Jaffe, Lipskier, Gahfi, and Seewald). Plaintiff does not dispute that the six individual defendants are all citizens of New York, and that Morgan Cash, a New York corporation, is a citizen of New York. Plaintiff merely argues that Morgan Cash has failed to meet its burden of establishing that each of the four LLC defendants—YYM LLC, PMF LLC, PMF One LLC, and PMF UK LLC—are diverse from plaintiff. The Court disagrees and finds that Morgan Cash has met its burden of establishing complete diversity exists in this action.

Morgan Cash has adequately established that YYM LLC is diverse from plaintiff. Morgan Cash provides the sworn declaration of Schneur Seewald, dated June 12, 2026, stating that he is a managing agent at YYM Holdings LLC and that "YYM Holdings LLC has two members: Makome Inc. and Morgan Cash Inc. Makome Inc. is a corporation incorporated under the laws of the State of New York, and has its principal place of business in the State of New York." Dkt. 13-3 ("Seewald Declaration") ¶¶ 2, 5. Plaintiff does not dispute that Morgan Cash is also a citizen of New York. FAC ¶ 7. Seewald further declares that "Yechiel Machael Jaffe, Yaacov Lipskier, and Menachem Mendel Gahfi are not owners, officers, directors or employees of Morgan Cash Inc. or YYM Holdings LLC." Id. ¶ 6. Accordingly, plaintiff has provided competent evidence that YYM LLC is a citizen of New York and is diverse from plaintiff. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (An LLC "is a citizen of every state of which its owners/members are citizens."). The Court is unpersuaded by plaintiffs' argument that Seewald's declaration fails to establish that YYM LLC is diverse from plaintiff. First, plaintiff's evidence that YYM LLC's members are Yechiel Michael Jaffe and Menachem Mendel Gahfi—as opposed to Makome Inc. and Morgan Cash—predate Seewald's sworn declaration. See Reply to mot. remand at 4. Second, even taking as true plaintiff's assertion that Jaffe and Menachem are the current members of YYM LLC, this would not create doubt as to YYM LLC's New York citizenship because both Jaffe and Gahfi are citizens of New York.

Morgan Cash has also demonstrated that PMF UK LLC is diverse from plaintiff. Morgan Cash provides the sworn declaration of Abe Burger, dated June 15, 2026, stating that he is the Chief Operating Officer to Premium Merchant Funding One, LLC, and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

he has "personal knowledge of the fact[]" that "Premium Merchant Funding UK LLC is a limited liability company organized under the laws of the State of New York, and has its principal place of business in the State of New York. Premium Merchant Funding UK LLC has two individual members: who are domiciled in the State of Florida and the Commonwealth of Puerto Rico." Dkt. 13-1 ("Burger Declaration") ¶¶ 1-5. Accordingly, Morgan Cash has provided competent evidence that PMF UK LLC is a citizen of Florida and Puerto Rico and is diverse from plaintiff. See Johnson, 437 F.3d at 899.

Morgan Cash has further demonstrated that PMF One LLC is diverse from plaintiff. The Burger Declaration, offered by Morgan Cash, states that "Premium Merchant Funding One, LLC is a limited liability company organized under the laws of the State of New York, and has its principal place of business in the State of New York. Premium Merchant Funding One, LLC has two individual members: who are domiciled in the State of Florida and the Commonwealth of Puerto Rico." Burger Declaration ¶ 4. Accordingly, Morgan Cash has provided competent evidence that PMF One LLC is a citizen of Florida and Puerto Rico and is diverse from plaintiff. See Johnson, 437 F.3d at 899.

Morgan Cash has met its burden of establishing that the California LLC entities—Premium Merchant Funding, LLC and Premium Merchant Funding One, LLC—are sham defendants whose citizenships must be disregarded. A non-diverse defendant is fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). In determining whether a party has been fraudulently joined, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Schwarzer ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)). Whether a defendant simply attacks the pleadings or relies on submitted evidence, fraudulent joinder must be proven by "clear and convincing evidence." Pampilonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1988), cited with approval in Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

Here, Morgan Cash presents clear and convincing evidence that PMF LLC (California) and PMF One LLC (California) are fraudulently joined entities created by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

Anton Ewing ("Ewing"), who appears on the California courts' Vexatious Litigant List.[2] Morgan Cash submits as evidence a motion to require plaintiff to release defendant's trade name filed by PMF One LLC in a case captioned Ewing v. Premium Merch. Funding One, LLC, No. 3:24-CV-00993-JAH-KSC (S.D. Cal.) that documents Ewing's creation of at least eight sham LLCs in PMF One LLC's name or using similar names. Dkt. 13-2, Ex. 2 ("Ewing mot. to dismiss"), at 8-10. Ewing's purported motivation in creating these sham LLCs was to obstruct PMF One LLC's process of pursuing revivor. See id. Ewing's creation of these sham LLCs—including the LLCs named "Premium Merchant Funding, LLC" (California) and "Premium Merchant Funding One, LLC" (California)—are documented by California state records of organization.[3] Although the above motion filed by PMF One LLC was never adjudicated by the Ewing court due to the parties' settlement, see Ewing, Dkt. 85, this Court finds that there is sufficient evidence in the record to establish that PMF LLC (California) and PMF One LLC (California) are sham defendants with no legal relationship to PMF One LLC (New York), and that plaintiff in this case cannot possibly succeed on its claims against PMF LLC (California) and PMF One LLC (California). Importantly, plaintiff presents no evidence controverting Morgan Cash's evidence that PMF LLC (California) and PMF One LLC (California) are sham entities created by Ewing. See generally Opp. to mot. remand. Thus, the Court finds that Morgan Cash presents clear and convincing evidence that PMF LLC (California) and PMF One LLC (California) are fraudulently joined defendants who cannot destroy complete diversity in this case.

---

[2] See Judicial Branch of California, *Vexatious Litigant List*, https://courts.ca.gov/news-reference/reports-publications/vexatious-litigant-list; https://courts.ca.gov/system/files/file/vexlit.pdf.

[3] Premium Merchant Funding, LLC, Articles of Organization, File No. 2022252116418 (Aug. 24, 2022) (on file with Cal. Sec. State), https://bizfileonline.sos.ca.gov/search/business (listing "A Ewing" as the organizer); Premium Merchant Funding One, LLC, Articles of Organization, File No. 202250717519 (May 16, 2022) (on file with Cal. Sec. State), https://bizfileonline.sos.ca.gov/search/business (listing "Anton Ewing" as the organizer). See also Ewing mot. to dismiss, Exs. A-G.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

Because the Court finds that complete diversity exists between the plaintiff and each non-sham defendant, Morgan Cash's removal of this action was proper, and plaintiff's motion to remand must be denied.[4]

Accordingly, the Court proceeds to address Morgan Cash and YYM LLC's motion to dismiss plaintiff's FAC.

**B.     Motion to Dismiss**

Morgan Cash and YYM LLC move to dismiss all claims in plaintiff's FAC.

1.     Cal. Bus. & Prof. Code § 17529.5

Morgan Cash and YYM LLC argue that plaintiff's FAC fails to state a violation of any subsection of Cal. Bus. & Prof. Code § 17529.5 because plaintiff does not allege that the emails it received from Morgan Cash and YYM LLC were "accompanied by a third-party's domain name without the permission of the third party"; that the emails contained "falsified, misrepresented, or forged header information"; or that the emails "had a misleading subject line." Mot. to dismiss at 4-5.

Additionally, Morgan Cash and YYM LLC contend that the motion to dismiss is proper because plaintiff's FAC is not pled with the requisite particularity to satisfy Rule 9(b). Id. at 5. They argue that multiple district courts have held that claims for violation of § 17529.5 sound in fraud, and that the contents of the emails allegedly violating the statute must be plead with particularity. Id. at 5-7 (citing cases). They argue that plaintiff's FAC fails to meet this standard because it does not identify who sent the emails on behalf of Morgan Cash, does not identify the dates that any of the allegedly illegal emails were sent or received by plaintiff, does not state the header or subject line of the allegedly unlawful emails, and does not state the content of any of those emails. Id. at 7.

---

[4] In response to the Court's tentative order, counsel for Morgan Cash and YYM LLC represented at oral argument that there is no legal relationship or other connection between the sham California PMF entities—PMF One LLC (California) and PMF LLC (California)—and the other defendants in this case: PMF One LLC (New York) and PMF UK LLC. Plaintiff submitted to the Court's order denying its motion to remand based on opposing counsel's representation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

Morgan Cash and YYM LLC further argue that the Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act preempts plaintiff's claim for violation of § 17529.5. Id. at 9. The CAN-SPAM Act states that:

> This chapter supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.

15 U.S.C. § 7707(b)(1). Morgan Cash and YYM LLC argue that because plaintiff's § 17529.5 claim is predicated on the allegation that defendants sent emails to plaintiff after plaintiff unsubscribed from the Morgan Cash mailing lists, this claim is preempted by CAN-SPAM because it does not allege that a deceptive email was sent. Id. at 10.

In opposition, plaintiff argues that the FAC states a claim for violation of § 17529.5(a)(3) by alleging that Morgan Cash and YYM LLC sent plaintiff emails with misleading subject lines. Opp. to mot. dismiss at 7-8. In its opposition, plaintiff provides examples of the subject lines of such emails that plaintiff asserts are misleading, including the dates the emails were sent and the sender's email address, id. at 5-6; however, such information is not included in the FAC. Id. at 5, 8.

In reply, Morgan Cash and YYM LLC argue that the FAC itself does not contain any allegations of misleading subject lines in violation of § 17529.5(a)(3). Reply to mot. dismiss at 2-3. They further argue that plaintiff should be denied leave to amend its § 17529.5 claim because the subject lines of the emails included in plaintiff's opposition are not misleading as a matter of law. Id. at 3-4, 6.

Under Cal. Bus. & Prof. Code § 17529.5(a), "[i]t is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address under any of the following circumstances:"

> (1) The e-mail advertisement contains or is accompanied by a third-party's domain name without the permission of the third party.

> (2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information. This paragraph does not apply to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

truthful information used by a third party who has been lawfully authorized by the advertiser to use that information.

(3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

Cal. Bus. & Prof. Code § 17529.5(a).

Here, plaintiff fails to state a claim under any subsection of Cal. Bus. & Prof. Code § 17529.5.  With respect to § 17529.5(a)(1), plaintiff's FAC does not allege that any defendant sent plaintiff an email advertisement that "contains or is accompanied by a third-party's domain name without the permission of the third party."  See generally FAC.

With respect to § 17529.5(a)(2), plaintiff's FAC does not allege that any defendant sent plaintiff an email advertisement that "contains or is accompanied by falsified, misrepresented, or forged header information."  See generally FAC.

With respect to § 17529.5(a)(3), plaintiff's FAC does not allege that any defendant sent plaintiff an email advertisement that "has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message."  See generally FAC.  While plaintiff in its opposition asserts that Morgan Cash sent emails whose "subject lines represented, falsely, that [p]laintiff had been approved for or had received funding," Opp. at 5, no such allegations are contained in the FAC, and the Court "may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018); see also Schneider v. Cal. Dep't. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Accordingly, the Court grants Morgan Cash and YYM LLC's motion to dismiss plaintiff's claim pursuant to Cal. Bus. & Prof. Code § 17529.5, with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

2.    <u>False Advertising Law (Cal. Bus. & Prof. Code § 17500)</u>

Morgan Cash and YYM LLC argue that plaintiff's § 17500 claim fails because it is entirely derivative of plaintiff's § 17529.5 claim, which fails as a matter of law. Mot. to dismiss at 9-10. Moreover, Morgan Cash and YYM LLC argue that plaintiff's § 17500 claim is also defective because the FAC "fails to plead any advertisement that was directed at the public." <u>Id.</u> at 9.

In opposition, plaintiff argues that it adequately states a § 17500 violation because this claim is predicated on a well-pleaded § 17529.5 claim. Opp. to mot. dismiss at 10. Plaintiff also argues that the misleading emails it received from Morgan Cash were directed at the public because "[t]he emails at issue are mass-marketing solicitations transmitted through a commercial email-broadcast platform to recipients on a distribution list" and constitute "advertising disseminated to the public, not an individualized communication." <u>Id.</u>

In reply, Morgan Cash and YYM LLC repeat their arguments. Reply to mot. dismiss at 6.

Cal. Bus. & Prof. Code § 17500 makes it unlawful for any person "to make or disseminate or cause to be made or disseminated before the public ... any statement ... which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. "A false advertising claim under California Business and Professions Code § 17500 has three elements: (1) an untrue or misleading statement; (2) that is known to be untrue or misleading; and (3) the likelihood that members of the public are deceived." <u>Momento, Inc. v. Seccion Amarilla USA</u>, No. C 09-1223 SBA, 2009 WL 1974798, at *2-3 (N.D. Cal. July 8, 2009).

Here, plaintiff alleges that Morgan Cash continued to send plaintiff unsolicited commercial email advertisements after plaintiff had unsubscribed from such emails and received written confirmations expressly stating that plaintiff had been removed from all mailing lists. FAC ¶¶ 20-24. Plaintiff further alleges that YYM LLC acts in concert with and aids and abets Morgan Cash. <u>Id.</u> ¶ 7. Plaintiff further alleges that Morgan Cash and YYM LLC's conduct violated Cal. Bus. & Prof. Code § 17500 because they "represented that [p]laintiff had been removed from all mailing lists," but that "[t]hese representations were false or misleading, as demonstrated by [their] continued email transmissions [to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05297-CAS-AJRx | | Date | July 6, 2026 |
|---|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | | |

plaintiff]." Id. ¶¶ 37-40. The Court finds that plaintiff adequately alleges a violation of Cal. Bus. & Prof. Code § 17500 against Morgan Cash and YYM LLC by alleging that they knowingly made untrue or misleading statements that were likely to deceive members of the public. Moreover, plaintiff adequately alleges that Morgan Cash and YYM LLC made untrue statements to individual members of the public by falsely stating that a recipient of Morgan Cash's emails who unsubscribed from all of Morgan Cash's mailing lists had in fact been removed from such mailing lists; the Court may reasonably infer from the FAC that plaintiff alleges it is one among many members of the public who received such untrue statements from Morgan Cash and YYM LLC. See FAC ¶ 20. See also Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998) (On a Rule 12(b)(6) motion, "a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them."); Ford Dealers Assn. v. Dep't of Motor Vehicles, 32 Cal. 3d 347, 358 (1982) (stating that "Section 17500 repeatedly has been interpreted so as to include within its reach oral statements made to individual members of the public," such as "when a bank employee ma[kes] misleading statements to [a plaintiff] over the telephone about the rate of interest on a loan" or where "representatives of an automobile dealership … ma[ke] false or misleading statements to individual customers.") (citations omitted)).

Accordingly, the Court denies Morgan Cash and YYM LLC's motion to dismiss plaintiff's claim pursuant to Cal. Bus. & Prof. Code § 17500.

### 3.     Unfair Competition Law (Cal. Bus. & Prof. Code § 17200)

Morgan Cash and YYM LLC argue that plaintiff's § 17200 claim fails because it is entirely derivative of plaintiff's § 17529.5 claim, which fails as a matter of law. Mot. to dismiss at 8-9. They further argue that plaintiff's § 17200 claim is also defective because it is not pleaded with requisite particularity. Id. at 9.

In opposition, plaintiff argues that it adequately states a § 17200 violation because this claim is predicated on a well-pleaded § 17529.5 claim. Opp. to mot. dismiss at 10.

In reply, Morgan Cash and YYM LLC repeat their arguments. Reply to mot. dismiss at 5.

The UCL prohibits "any unlawful, unfair[,] or fraudulent business act or practice and unfair deceptive, untrue[,] or misleading advertising." Cal. Bus. and Prof. Code § 17200. Further, "[b]ecause section 17200's definition is 'disjunctive,' the statute is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

violated where a defendant's act or practice is unlawful, unfair, [or] fraudulent." S. Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal.App.4th 861, 878 (1999) (citation omitted). "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 180 (1999). Unlawful acts are "anything that can properly be called a business practice and that at the same time is forbidden by law ... be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court-made." Sybersound Recs., Inc. v. UAV Corp., 517 F.3d 1137, 1151 (9th Cir. 2008) (citation omitted).

Here, plaintiff alleges that "[d]efendants' conduct constitutes unlawful and unfair business practices" in violation of the UCL. FAC ¶ 35. Because plaintiff adequately alleges that Morgan Cash and YYM LLC violated Cal. Bus. & Prof. Code § 17500, plaintiff adequately alleges that these defendants also violated the UCL, which makes a violation of any other law independently actionable. Cel-Tech, 20 Cal.4th at 180.

Independently, plaintiff adequately states a claim under the "unfair" prong of the UCL. Under California law, it is well established that "a practice may be deemed unfair under the UCL even if not specifically proscribed by some other law." Cel-Tech, 20 Cal. 4th at 180. "Given that the California Supreme Court has not established a definitive test to determine whether a business practice is 'unfair' in consumer cases, three tests for unfairness exist in the consumer context." Kendall v. Bluetriton Brands, Inc., No. 2:20-CV-10511-CAS (Ex), 2022 WL 2789501, at *4 (C.D. Cal. July 13, 2022) (referring to the "Statutory Test", the "Balancing Test" and the "FTC Test"). Regardless of which unfairness test controls, however, courts have applied the reasonable consumer standard in evaluating unfair prong claims premised on allegedly deceptive advertising. See Maxwell v. Unilever United States, Inc., No. 5:12-cv-01736-EJD, 2018 WL 1536761, at *5 (N.D. Cal. Mar. 29, 2018) ("False advertising claims under . . . the fraudulent and unfair prongs of the UCL are governed by the 'reasonable consumer' standard"); Samica Enters. Ltd. Liab. Co. v. Mail Boxes Etc., Inc., 460 F. App'x 664, 667 (9th Cir. 2011) ("Appellants' claims under [the UCL] are governed by the 'reasonable consumer' test. ... Under the reasonable consumer standard, Appellants must show that members of the public are likely to be deceived.") (citation omitted). Here, plaintiff alleges that the written confirmations sent by Morgan Creek expressly stating that plaintiff had been removed from all mailing lists were misleading to the reasonable consumer. See FAC ¶¶ 37-39. Plaintiff adequately states a claim under the "unfair" prong of the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | July 6, 2026 |
|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

Accordingly, the Court denies Morgan Cash and YYM LLC's motion to dismiss plaintiff's UCL claim.

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to remand.

The Court **GRANTS** Morgan Cash and YYM LLC's motion to dismiss plaintiff's claim pursuant to Cal. Bus. & Prof. Code § 17529.5, with leave to amend.  The Court **DENIES** Morgan Cash and YYM LLC's motion to dismiss plaintiff's claim pursuant to Cal. Bus. & Prof. Code § 17500.  The Court **DENIES** Morgan Cash and YYM LLC's motion to dismiss plaintiff's claim pursuant to Cal. Bus. & Prof. Code § 17200.

Plaintiff shall file a second amended complaint within fourteen (14) days of the date of this order.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |