UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05297-CAS-AJRx | Date | August 27, 2026 |
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| | | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - MORGAN CASH INC.'S AND YYM HOLDINGS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT (Dkt. 18, filed on July 29, 2026)

## I. INTRODUCTION

The Court finds that the instant motion is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On January 28, 2026, plaintiff The Sina Firm, APC ("Sina") filed this action in Los Angeles County Superior Court against defendants Morgan Cash, Inc. ("Morgan Cash"), Premium Merchant Funding, LLC ("PMF LLC"), Premium Merchant Funding One, LLC ("PMF One LLC"), Premium Merchant Funding UK LLC ("PMF UK LLC"), Abe Berger ("Berger"), Elie Goldshan ("Goldshan"), and Does 1 through 10 (collectively, "defendants"). Dkt. 1-1 at 8-14 ("Compl."). Plaintiff asserted three causes of action against defendants under California law.

On April 27, 2026, plaintiff filed its First Amended Complaint in Los Angeles County Superior Court, which adds YYM Holdings, LLC d/b/a Morgan Cash ("YYM LLC"), Yechiel Machael Jaffe ("Jaffe"), Yaacov Lipskier ("Lipskier"), Menachem Mendel Gahfi ("Gahfi"), and Schneur Seewald ("Seewald") as defendants. Dkt. 1-1 at 16-25 ("FAC"). Plaintiff's operative FAC asserts three claims under California law against all defendants: (1) unlawful activities relating to commercial email advertisements, Cal. Bus. & Prof. Code § 17529.5; (2) unfair competition, Cal. Bus. & Prof. Code § 17200 ("UCL"); and (3) false or misleading statements, Cal. Bus. & Prof. Code § 17500. Id. at 21-22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL 'O'**

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | August 27, 2026 |
|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

On May 17, 2026, defendant Morgan Cash removed plaintiff's action to this Court, based on diversity jurisdiction. Dkt. 1 ("Notice of Removal").

On May 27, 2026, defendants Morgan Cash and YYM LLC filed a motion to dismiss plaintiff's FAC. Dkt. 8.

On June 5, 2026, plaintiff filed a motion for an order remanding the action to state court. Dkt. 10.

On July 6, 2026, the Court denied plaintiff's motion to remand. Dkt. 15 at 18. The Court also granted Morgan Cash and YYM LLC's motion to dismiss plaintiff's claim pursuant to Cal. Bus. & Prof. Code § 17529.5, with leave to amend; denied Morgan Cash and YYM LLC's motion to dismiss plaintiff's claim pursuant to Cal. Bus. & Prof. Code § 17500; and denied Morgan Cash and YYM LLC's motion to dismiss plaintiff's claim pursuant to Cal. Bus. & Prof. Code § 17200. Id. at 18.

On July 18, 2026, plaintiff filed its operative Second Amended Complaint. Dkt. 16 ("SAC"). Plaintiff's SAC asserts four claims against Morgan Cash, YYM LLC, Seewald, Jaffe, Lipskier, Gahfi, PMF LLC, PMF UK LLC, PMF One LLC, Premium Merchant 18, LLC ("PM18 LLC"), Berger, Goldshan, and Does 1 through 10, inclusive: (1) violation of Cal. Bus. & Prof. Code § 17529.5; (2) unfair competition in violation of the UCL; (3) false and misleading advertising in violation of Cal. Bus. & Prof. Code § 17500; and (4) violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

On July 23, 2026, the Court ordered plaintiff to show cause in writing not later than August 13, 2026, as to why this action should not be dismissed for lack of prosecution as to defendants Jaffe, Lipskier, Gahfi, Seewald, PMF LLC, PMF One LLC, PMF UK LLC, Berger, Goldshan, and PM18 LLC. Dkt. 17.

On July 29, 2026, Morgan Cash and YYM LLC ("movants") filed the instant motion to dismiss plaintiff's SAC. Dkt. 18 ("Mot."). On August 7, 2026, plaintiff filed an opposition. Dkt. 19 ("Opp."). On August 10, 2026, movants filed a reply. Dkt. 20 ("Reply").

On August 14, 2026, Morgan Cash and YYM LLC filed a statement that plaintiff had not responded to the Court's July 23, 2026 order to show cause or filed a proof of service of summons and the SAC to discharge the order to show case. Dkt. 21. On August 14, 2026, because plaintiff failed to file a response to the Court's July 23, 2026

order to show cause, the Court dismissed plaintiff's action without prejudice as to defendants Jaffe, Lipskier, Gahfi, Seewald, PMF LLC, PMF One LLC, PMF UK LLC, Berger, Goldshan, and PM18 LLC. Dkt. 22.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following in its operative SAC:

### A. The Parties

Plaintiff is a California professional corporation with its principal place of business within Los Angeles County. SAC ¶ 6.

Defendant Morgan Cash is a New York corporation engaged in the business of marketing financial products and services, including merchant-cash-advance financing, through commercial email solicitations transmitted into California. Id. ¶ 7.

Defendant YYM Holdings, LLC is a New York limited liability company that does business as Morgan Cash and that acts in concert with, and aids and abets, Morgan Cash in the conduct alleged herein. Morgan Cash and YYM are referred to together as the "Morgan Cash defendants." Id. ¶ 8.

Defendant Schneur Seewald is an individual residing in New York. Seewald has represented under oath that he is a managing agent of YYM Holdings, LLC. Id. ¶ 9.

Defendants Yechiel Machael Jaffe, Yaacov Lipskier, and Menachem Mendel Gahfi are individuals residing in New York. Id. ¶ 10.

Defendants PMF LLC, PMF One LLC, PMF UK LLC, and PM18 LLC are New York and/or California entities engaged in the business of marketing financial products and services, including through commercial email solicitations transmitted into California. Id. ¶ 11.

Defendants Abe Berger and Elie Goldshan are individuals residing in New York. Id. ¶ 12.

### B. Factual Allegations

Plaintiff is a California law firm. Morgan Cash markets merchant-cash-advance financing and transmits commercial email solicitations into California. Id. ¶ 19.

Plaintiff applied to Morgan Cash for funding. On November 17, 2025, Morgan Cash—through its Funding Manager, Eli Deitsch—emailed Plaintiff a notice titled "MCA Request Declined," stating: "Thank you for submitting your file . . . . Unfortunately, we aren't able to extend you an offer at this time." Morgan Cash therefore knew, no later than November 17, 2025, that plaintiff had not been approved for and had not received any funding. Id. ¶ 20.

On November 18, 2025, at 10:39 a.m., plaintiff used the unsubscribe mechanism provided in Morgan Cash's email. Morgan Cash sent plaintiff a written confirmation stating that Plaintiff's email address, reza@sinalawgroup.com, had been removed from all Morgan Cash mailing lists. Id. ¶ 21.

On November 20, 2025, at 1:15 p.m., plaintiff again used Morgan Cash's unsubscribe mechanism, and Morgan Cash sent a second written confirmation expressly stating that Plaintiff had been removed from all mailing lists. Id. ¶ 22.

Notwithstanding both the November 17 denial and the two confirmed opt-outs, Morgan Cash continued to transmit commercial email advertisements to plaintiff's California address—at least fifty-six (56) such emails between November 18, 2025 and May 8, 2026—from a rotating set of Morgan Cash sender addresses, including manny@morgancash.com, mrosenberg@morgancash.com, mannyz@morgancash.com, zev@morgancash.com, and addresses transmitted through the shared1.ccsend.com email-broadcast platform. Id. ¶ 23.

Many of those emails bore subject lines representing, falsely, that plaintiff had been approved for or had received funding. Representative examples, each identified by the date and time of transmission, sender address, and verbatim subject line, include the following:

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL ‘O’**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05297-CAS-AJRx | Date | August 27, 2026 |
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

| Date Sent | Time | Sender Address | Subject Line (verbatim) |
|---|---|---|---|
| Oct. 30, 2025 | 12:22 (ET) | mordechai-morgancash.com@shared1.ccsend.com | Get The Sina Firm Apc approved with Sameday Options |
| Nov. 18, 2025 | 12:19 (ET) | manny@morgancash.com | $350,000 Funded this Week. You next? |
| Nov. 19, 2025 | 14:46 (ET) | manny@morgancash.com | $350,000 Funded this Week. You next? |
| Nov. 24, 2025 | 12:21 (ET) | manny@morgancash.com | $350,000 Funded this Week. You next? |
| Nov. 26, 2025 | 11:55 (ET) | manny@morgancash.com | $350,000 Funded this Week. You next? |
| Dec. 4, 2025 | 14:34 (ET) | manny@morgancash.com | $250,000 Funded this Week. You next? |
| Dec. 8, 2025 | 12:50 (ET) | manny@morgancash.com | $250,000 Funded this Week. You next? |
| Dec. 10, 2025 | 12:44 (ET) | manny@morgancash.com | $350,000 Funded this Week. You next? |
| Jan. 14, 2026 | 13:17 (ET) | manny@morgancash.com | $345k funded, you next? |
| Feb. 5, 2026 | 11:41 (ET) | manny@morgancash.com | $275k Funded in under 5 hours, You next? |
| Mar. 12, 2026 | 13:37 (ET) | manny@morgancash.com | $370,000 Funded this Week. You next? |
| Mar. 24, 2026 | 10:56 (ET) | manny@morgancash.com | Reminder: funding update for Reza |
| Mar. 26, 2026 | 11:26 (ET) | manny@morgancash.com | $275k funded this week, you next? |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL 'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05297-CAS-AJRx | Date | August 27, 2026 |
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

| | | | |
|---|---|---|---|
| Apr. 17, 2026 | 13:08 (ET) | manny@morgancash.com | $320k funded, you next ? |
| Apr. 23, 2026 | 14:48 (ET) | manny@morgancash.com | $425k funded this week, you next? |
| Apr. 28, 2026 | 16:53 (ET) | manny@morgancash.com | $235k funded, you next? |
| May 7, 2026 | 16:27 (ET) | manny@morgancash.com | $390k funded this week, you next? |

Id. ¶ 24.

Each of the "approved" and "funded" representations set out above was false when made. Morgan Cash had denied plaintiff's funding application on November 17, 2025, and plaintiff had not been approved for, and had not received, any funding. A recipient acting reasonably under the circumstances would understand subject lines such as "Get The Sina Firm Apc approved with Sameday Options," "$350,000 Funded this Week. You next?," and "Reminder: funding update for Reza" to represent that funding had been approved and was available to plaintiff—a material fact regarding the contents and subject matter of the messages. Id. ¶ 25.

Plaintiff has compiled a complete, email-by-email chronology of the commercial emails at issue, identifying for each message the sender address, the date and time of transmission, and the verbatim subject line. The representative examples set out above are drawn from that chronology, which plaintiff will produce and rely upon in this action. Id. ¶ 26.

Both the Morgan Cash defendants and the PMF defendants transmitted the emails through professional email-marketing platforms that automatically enforce unsubscribe and suppression lists. Defendants' use of such platforms establishes that compliance with plaintiff's opt-out requests was technologically simple, routine, and entirely within defendants' control, further demonstrating that the continued transmissions were knowing and willful rather than the product of mistake. Id. ¶ 27.

Starting on or about September 2025, the PMF defendants sent plaintiff multiple unsolicited commercial email advertisements promoting PMF's financial services. Id. ¶ 28.

On December 23, 2025, plaintiff exercised the unsubscribe mechanism provided in PMF's email and received written confirmation stating that plaintiff's email address had been removed from all PMF mailing lists. Id. ¶ 29.

On December 29, 2025, plaintiff again unsubscribed and received a second written confirmation expressly stating that plaintiff had been removed from all mailing lists. Id. ¶ 30.

Despite these confirmations, the PMF defendants continued to send plaintiff commercial email advertisements. After December 29, 2025, the PMF defendants transmitted at least nineteen (19) additional commercial emails to plaintiff. Id. ¶ 31.

Each of the emails described herein was sent after plaintiff had clearly and unequivocally opted out and after defendants had acknowledged the opt-out in writing. Defendants had actual notice of plaintiff's opt-out requests, expressly confirmed removal from all mailing lists on two separate occasions as to each of the Morgan Cash defendants and the PMF defendants, and nonetheless caused additional commercial emails to be sent. Plaintiff did not consent to receive the emails described herein. Id. ¶ 32.

Plaintiff's claims are predicated on the materially false and misleading content of defendants' commercial emails—in particular, subject lines that misrepresented that plaintiff had been approved for or had received funding, and written confirmations that falsely represented that plaintiff had been removed from all of defendants' mailing lists. Plaintiff's claims target falsity and deception in defendants' commercial email and in information attached thereto. Id. ¶ 33.

Plaintiff's cellular telephone number has been registered on the National Do Not Call Registry, and plaintiff received written confirmation of that registration. Plaintiff uses that number for both personal and business purposes. Plaintiff did not give any defendant prior express invitation or permission to send it text message solicitations. Id. ¶ 34.

On or about October 20, 2025, the Morgan Cash defendants, through an individual identifying himself as "Mordechai – Morgan Cash," transmitted an unsolicited commercial text message to plaintiff's cellular telephone from telephone number (440) 201-4342, soliciting plaintiff to participate in "a new funding program with terms up to 2

years and same day funding options up to 2M," and requesting plaintiff's "best contact email to get started." Id. ¶ 35.

On or about September 2, 2025, the PMF defendants, through an individual identifying himself as "Sam from PMF," transmitted two unsolicited commercial text messages to plaintiff's cellular telephone from telephone number (872) 296-6297, asking whether PMF should "push [plaintiff's] file forward on capital access" and whether plaintiff wanted "The Sina Firm kept active for this month's capital cycle." Each message stated, "Reply STOP to opt out." Plaintiff replied "STOP," and the PMF defendants sent a written confirmation stating: "You have successfully been unsubscribed. You will not receive any more messages from this number." Id. ¶ 36.

On or about June 9, 2026, defendant Premium Merchant 18, LLC—an entity affiliated with, and operating as part of, the PMF defendants—transmitted an unsolicited commercial text message to plaintiff's cellular telephone from telephone number (660) 299-1615, representing that it had "up to $2M accessible in 24 hours" and that "[c]redit score and prior payments do not affect this decision." The message stated, "Reply STOP to opt out." Plaintiff replied "Stop," and received a written confirmation stating: "You have successfully unsubscribed from Premium Merchant 18 LLC." Id. ¶ 37.

Each of the foregoing text messages was a telephone solicitation and telemarketing message within the meaning of the TCPA and its implementing regulations, transmitted to plaintiff's cellular telephone number without plaintiff's prior express invitation or permission. Id. ¶ 38.

These text-message solicitations, transmitted alongside the dozens of unlawful commercial emails described above and after plaintiff's repeated opt-out and do-not-call requests, demonstrate that defendants engaged in a systematic, multichannel campaign to solicit plaintiff notwithstanding plaintiff's clear and repeated demands that defendants cease all contact. Id. ¶ 39.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't,

901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

Morgan Cash and YYM LLC move to dismiss all claims in plaintiff's SAC.

### A. Cal. Bus. & Prof. Code § 17529.5

Morgan Cash and YYM LLC argue that plaintiff's first claim for violation of Cal. Bus. & Prof. Code § 17529.5 fails because it is not pled with requisite particularity. Mot. at 5. Movants argue that multiple district courts have held that claims under Cal. Bus. & Prof. Code § 17529.5 sound in fraud, and that plaintiff's SAC fails to meet the heightened pleading standard for fraud because the SAC "does not state the content of any of the emails or provide any exemplars of the emails." Id. at 6-7.

Movants further argue that the alleged emails' subject lines were not misleading because none of the alleged emails state that plaintiff had been "approved" for or had "funded" financing; rather, they have subject lines such as "Get The Sina Firm Apc approved with Sameday Options" and "$350,000 Funded this Week. You next?" Id. at 7. Movants argue that "[n]othing about the subject lines of the emails Morgan Cash allegedly sent to Plaintiff would be likely to deceive a reasonable consumer about a material fact regarding the contents or subject matter of the message." Id.

Morgan Cash and YYM LLC further argue that the Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act preempts plaintiff's claim for violation of § 17529.5. Id. at 8-9. The CAN-SPAM Act states that:

> This chapter supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.

15 U.S.C. § 7707(b)(1). Morgan Cash and YYM LLC argue that because plaintiff's § 17529.5 claim is predicated on the allegation that defendants sent emails to plaintiff after plaintiff unsubscribed from the Morgan Cash mailing lists, this claim is preempted by CAN-SPAM because the alleged emails were not materially misleading. Id. at 9.

In opposition, plaintiff argues that movants may not relitigate the sufficiency of plaintiff's claim under Cal. Bus. & Prof. Code § 17529 because the Court's July 6, 2026 order denying movants' motion to dismiss plaintiff's § 17529 claim asserted in its FAC is law of the case. Opp. at 10. Plaintiff further argues that Fed. R. Civ. P. 12(g) bars movants' new challenges to the sufficiency of plaintiff's § 17529 claim. Id. at 11. Plaintiff further argues that on the merits, the SAC states a claim for violation of § 17529.5(a)(3) by alleging that Morgan Cash and YYM LLC sent plaintiff emails with misleading subject lines with requisite particularity. Id. at 13. Plaintiff argues that the issue of whether the alleged email subject lines would mislead a reasonable recipient is a general question of fact that cannot be resolved on a motion to dismiss. Id. at 14. Plaintiff also argues that its § 17529 claim is not preempted by the CAN-SPAM Act. Id. at 15.

In reply, Morgan Cash and YYM LLC argue that the law of the case doctrine does not apply because the Court's rulings regarding the sufficiency of plaintiff's FAC do not preclude the Court from considering the sufficiency of plaintiff's SAC. Reply at 4-5. Movants further argue that Rule 12(g) does not preclude dismissal of plaintiff's claims because "[t]his rule applies to situations in which a party files successive motions under Rule 12 'for the sole purpose of delay . . . ,'" whereas movants' instant motion is not presented for purposes of delay. Id. at 5 (citation omitted).

As an initial matter, the Court finds that the law of the case doctrine does not preclude the Court from examining Morgan Cash and YYM LLC's instant motion on the merits. See Askins v. U.S. Dep't of Homeland Sec., 899 F.3d 1035, 1043 (9th Cir. 2018) ("The amended complaint is a new complaint, entitling the plaintiff to judgment on the complaint's own merits …. If the district court determines the amended complaint is substantially the same as the initial complaint, the district court is free to follow the same reasoning and hold that the amended claims suffer from the same legal insufficiencies. The district court is not, however, bound by any law of the case. The district court may decide the second motion to dismiss in the same way it decided the first, but permitting the filing of an amended complaint requires a new determination."). Nor does Rule 12(g) preclude the Court from considering movants' arguments here. See Galea v. Lincoln Nat'l Corp., No. 11-CV-1218-CAB (KSC), 2013 WL 12069054, at *8 (S.D. Cal. Oct. 31, 2013) ("[A]s numerous courts in this circuit have held, [Rule 12(g)(2)] does not prohibit a defendant from moving to dismiss, under Rule 12(b)(6), a claim asserted in an amended

complaint, even if the claim was also asserted in the original complaint.”). Accordingly, the Court considers movants’ motion to dismiss plaintiff’s § 17529.5 on the merits.

Under Cal. Bus. & Prof. Code § 17529.5(a), “[i]t is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address under any of the following circumstances:”

> (1) The e-mail advertisement contains or is accompanied by a third-party’s domain name without the permission of the third party.
>
> (2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information. This paragraph does not apply to truthful information used by a third party who has been lawfully authorized by the advertiser to use that information.
>
> (3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

Cal. Bus. & Prof. Code § 17529.5(a).

Here, plaintiff fails to state a claim under any subsection of Cal. Bus. & Prof. Code § 17529.5. With respect to § 17529.5(a)(1), plaintiff’s SAC does not allege that any defendant sent plaintiff an email advertisement that “contains or is accompanied by a third-party’s domain name without the permission of the third party.” See generally SAC.

With respect to § 17529.5(a)(2), plaintiff’s FAC does not allege that any defendant sent plaintiff an email advertisement that “contains or is accompanied by falsified, misrepresented, or forged header information.” See generally SAC.

With respect to § 17529.5(a)(3), the Court finds that plaintiff’s SAC adequately alleges that defendants violated § 17529.5(a)(3) by sending “[p]laintiff commercial emails with subject lines—including subject lines representing that [p]laintiff had been ‘approved’ for or had ‘funded’ financing—that defendants knew would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.” SAC ¶ 42. While movants argue that the alleged email subject lines were not misleading as a matter of law, the Court finds that such argument and determination is better reserved on a motion for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL 'O'**

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | August 27, 2026 |
|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

summary judgment following a fuller development of the record. See Hypertouch, Inc. v. ValueClick, Inc., 192 Cal. App. 4th 805, 839 (2011) ("[W]hether a statement is likely to deceive a reasonable consumer is generally a question of fact.").

Moreover, the Court finds that plaintiff's claim under § 17529.5(a)(3) is pleaded with requisite particularity because the SAC includes allegations as to "the who, what, when, where, and how" of the misconduct charged, including the date and time the allegedly misleading emails were sent, the sender's address, and the subject line of the emails. SAC ¶ 24. The Court disagrees with movants that plaintiff is required to explicitly state the content of the alleged emails in its complaint. But see Asis Internet Servs. v. Subscriberbase Inc., No. 09-3503 SC, 2009 WL 4723338, at *4 (N.D. Cal. Dec. 4, 2009) (dismissing plaintiff's § 17529.5(a)(3) claim in part because plaintiff's allegations "lack[ed] important information about the sender, date, and *content of the emails*, and does not indicate how many copies of each email were received") (emphasis added). Here, plaintiff alleges that the emails' subject lines were misleading because they represented that "[p]laintiff had been 'approved' for or had 'funded' financing," SAC ¶ 42, but in fact, "Morgan Cash had denied [p]laintiff's funding application on November 17, 2025, and [p]laintiff had not been approved for, and had not received, any funding." SAC ¶ 25. From such allegations, the Court may reasonably infer that plaintiff alleges that the *contents or subject matter* of such emails communicated that plaintiff had in fact not been approved for or had received funding from defendants, and therefore, the emails' subject lines were misleading in violation of § 17529.5(a)(3). See Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998) (stating that in considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them).

Because plaintiff adequately alleges that defendants violated § 17529.5(a)(3) by sending plaintiff emails with misleading subject lines, the CAN-SPAM Act does not preempt plaintiff's claim. 15 U.S.C. § 7707(b)(1) (stating that the Act does not "supersede[] any … statute … [which] prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.").

Accordingly, the Court **DENIES** Morgan Cash and YYM LLC's motion to dismiss plaintiff's claim pursuant to Cal. Bus. & Prof. Code § 17529.5.

### B. False Advertising (Cal. Bus. & Prof. Code § 17500)

Morgan Cash and YYM LLC argue that plaintiff's § 17500 claim fails because plaintiff has not plead any "injury in fact." Mot. at 13. Moreover, movants argue that the claim fails because the SAC "does not plead an underlying predicate violation." Id. at 14. Movants further argue that the § 17500 claim is also defective because "the alleged written confirmations expressly representing that [p]laintiff had been removed from all of defendants' mailing lists are simply not advertisements." Id.

In opposition, plaintiff argues that it has adequately alleged "injury in fact" because it has statutory standing under § 17500. Opp. at 12. Plaintiff further argues that it adequately states a § 17500 violation because this claim is predicated on a well-pleaded § 17529.5 claim. Id. Plaintiff also argues that it has adequately alleged that the misleading emails it received from Morgan Cash were advertisements directed at the public. Id. at 12-13.

In reply, Morgan Cash and YYM LLC repeat their arguments. Reply at 9.

Cal. Bus. & Prof. Code § 17500 makes it unlawful for any person "to make or disseminate or cause to be made or disseminated before the public ... any statement ... which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. "A false advertising claim under California Business and Professions Code § 17500 has three elements: (1) an untrue or misleading statement; (2) that is known to be untrue or misleading; and (3) the likelihood that members of the public are deceived." Momento, Inc. v. Seccion Amarilla USA, No. C 09-1223 SBA, 2009 WL 1974798, at *2-3 (N.D. Cal. July 8, 2009).

Here, plaintiff adequately alleges a violation of Cal. Bus. & Prof. Code § 17500 because it alleges that "defendants disseminated untrue and misleading statements, including (a) subject lines representing that Plaintiff had been "approved" for or had 'funded' financing when Morgan Cash had denied Plaintiff's funding application; and (b) written confirmations expressly representing that Plaintiff had been removed from all of defendants' mailing lists when defendants continued to send Plaintiff commercial emails." SAC ¶ 54. These allegations adequately state that defendants knowingly made untrue or misleading statements that were likely to deceive members of the public. See Ford Dealers Assn. v. Dep't of Motor Vehicles, 32 Cal. 3d 347, 358 (1982) (stating that

"Section 17500 repeatedly has been interpreted so as to include within its reach oral statements made to individual members of the public," such as "when a bank employee ma[kes] misleading statements to [a plaintiff] over the telephone about the rate of interest on a loan" or where "representatives of an automobile dealership … ma[ke] false or misleading statements to individual customers.") (citations omitted)).

Moreover, plaintiff has standing to sue under § 17500 because plaintiff has alleged that "[a]s a direct and proximate result of defendants' conduct, [p]laintiff has been harmed." FAC ¶ 57. The Court construes such allegation to mean that plaintiff has suffered lost money or property. See Kwikset Corp. v. Superior Ct., 51 Cal. 4th 310, 322 (2011) ("[U]nder the false advertising law … standing extends to 'any person who has suffered injury in fact and has lost money or property.'"). To the extent that movants dispute whether plaintiff has in fact suffered economic injury, such dispute is not appropriately resolved on a motion to dismiss, where the Court must accept all well-pleaded factual allegations as true.

Accordingly, the Court **DENIES** Morgan Cash and YYM LLC's motion to dismiss plaintiff's claim pursuant to Cal. Bus. & Prof. Code § 17500.

### C. Telephone Consumer Protection Act (47 U.S.C. § 227)

Morgan Cash and YYM LLC argue that plaintiff's TCPA claim must be dismissed because it was filed without leave of court. Mot. at 15. On the merits, movants argue that the TCPA claim is deficient because it "is predicated on a single commercial text message that was sent allegedly sent by Morgan Cash to [p]laintiff's cellular telephone on October 20, 2025." Id. at 16. They argue that because "[p]laintiff fails to allege facts showing that it received more than one telephone solicitation from Morgan Cash during the preceding twelve-month period," the TCPA claim fails as a matter of law. Id.

In opposition, plaintiff argues that its TCPA claim is adequate because the SAC alleges that each defendant was the agent, servant, employee, coventurer, and/or representative of each of the other defendants and ratified the others' acts, and that "[p]laintiff received several solicitations within a single twelve-month window: two on or about September 2, 2025, one on or about October 20, 2025, and further messages thereafter." Opp. at 17.

In reply, movants argue that plaintiff's TCPA claim against Morgan Cash fails because it is "predicated on a single commercial text message that was sent allegedly sent by Morgan Cash to [p]laintiff's cellular telephone on October 20, 2025." Reply at 10-11.

As an initial matter, the Court declines to dismiss plaintiff's TCPA claim on the ground that it was filed without leave. The Court's July 6, 2026 order stated that "[p]laintiff shall file a second amended complaint within fourteen (14) days of the date of this order" and did not prohibit plaintiff from amending its FAC complaint to assert additional claims. See also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend pleadings] when justice so requires.").

Plaintiff's "claims are based on one prong of the TCPA and its implementing regulations applying only to telephone calls made to residential telephone subscribers who are on a national do-not-call ["NDNC"] list. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2)." Murray v. Grocery Delivery E-Servs. USA Inc., 55 F.4th 340, 347 (1st Cir. 2022). "The elements of such a claim are: (1) a residential telephone subscriber (2) received more than one telephonic solicitation (3) by or on behalf of the same entity (4) during a twelve-month period (5) to a number that the subscriber registered on the NDNC registry." Id. See also 47 U.S.C. § 227(c)(5) ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State ….").

Here, plaintiff adequately alleges that each defendant violated § 227(c)(5) of the TCPA. Plaintiff alleges "[d]efendants transmitted more than one telephone solicitation by text message to [p]laintiff's [NDNC] registered number within a twelve-month period." SAC ¶ 60. Specifically, plaintiff alleges that "[o]n or about October 20, 2025, the Morgan Cash defendants … transmitted an unsolicited commercial text message to [p]laintiff's cellular telephone from telephone number (440) 201-4342 …," id. ¶ 35; that "[o]n or about September 2, 2025, the PMF defendants … transmitted two unsolicited commercial text messages to [p]laintiff's cellular telephone from telephone number (872) 296-6297 …," id. ¶ 36; and that "[o]n or about June 9, 2026, defendant Premium Merchant 18, LLC—an entity affiliated with, and operating as part of, the PMF defendants—transmitted an unsolicited commercial text message to Plaintiff's cellular telephone from telephone number (660) 299-1615 …," id. ¶ 37. Plaintiff further alleges that "each defendant was the agent, servant, employee, co-venturer, and/or representative of each of the other defendants and, in doing the acts alleged, acted within the course and

scope of that relationship, and that each defendant ratified" the others' acts. Id. ¶ 14. Therefore, plaintiff's claim under § 227(c)(5) of the TCPA is adequate.

Accordingly, the Court **DENIES** Morgan Cash and YYM LLC's motion to dismiss plaintiff's claim pursuant to 47 U.S.C. § 227(c)(5).

**D. Unfair Competition Law (Cal. Bus. & Prof. Code § 17200)**

Morgan Cash and YYM LLC argue that plaintiff's § 17200 claim fails because plaintiff has failed to allege any "injury in fact" and because plaintiff is not a competitor of Morgan Cash or a consumer of Morgan Cash's goods and services, it is entirely derivative of plaintiff's § 17529.5 claim, which fails as a matter of law. Mot. at 10-11. Movants further argue that plaintiff's § 17200 claim is also defective because the SAC fails to alleges any unlawful, unfair, or fraudulent business practice. Id. at 11-12.

In opposition, plaintiff argues that it adequately states a § 17200 violation because this claim is predicated on a well-pleaded § 17529.5 claim. Opp. at 10.

In reply, Morgan Cash and YYM LLC repeat their arguments. Reply at 5-6.

The UCL prohibits "any unlawful, unfair[,] or fraudulent business act or practice and unfair deceptive, untrue[,] or misleading advertising." Cal. Bus. and Prof. Code § 17200. Further, "[b]ecause section 17200's definition is 'disjunctive,' the statute is violated where a defendant's act or practice is unlawful, unfair, [or] fraudulent." S. Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal.App.4th 861, 878 (1999) (citation omitted). "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 180 (1999). Unlawful acts are "anything that can properly be called a business practice and that at the same time is forbidden by law ... be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court-made." Sybersound Recs., Inc. v. UAV Corp., 517 F.3d 1137, 1151 (9th Cir. 2008) (citation omitted).

Here, plaintiff alleges that "[a]s a result of defendants' unlawful, unfair, and fraudulent business practices, [p]laintiff and members of the public have been harmed." SAC ¶ 51. Because plaintiff adequately alleges that Morgan Cash and YYM LLC violated Cal. Bus. & Prof. Code § 17529.5, § 17500, and 47 U.S.C. § 227(c)(5), plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| Case No. | 2:26-cv-05297-CAS-AJRx | Date | August 27, 2026 |
|---|---|---|---|
| Title | The Sina Firm, APC v. Morgan Cash Inc. et al. | | |

adequately alleges that these defendants also violated the UCL, which makes a violation of any other law independently actionable. Cel-Tech, 20 Cal.4th at 180.

Independently, plaintiff adequately states a claim under the "unfair" prong of the UCL. Under California law, it is well established that "a practice may be deemed unfair under the UCL even if not specifically proscribed by some other law." Cel-Tech, 20 Cal. 4th at 180. "Given that the California Supreme Court has not established a definitive test to determine whether a business practice is 'unfair' in consumer cases, three tests for unfairness exist in the consumer context." Kendall v. Bluetriton Brands, Inc., No. 2:20-CV-10511-CAS (Ex), 2022 WL 2789501, at *4 (C.D. Cal. July 13, 2022) (referring to the "Statutory Test", the "Balancing Test" and the "FTC Test"). Regardless of which unfairness test controls, however, courts have applied the reasonable consumer standard in evaluating unfair prong claims premised on allegedly deceptive advertising. See Maxwell v. Unilever United States, Inc., No. 5:12-cv-01736-EJD, 2018 WL 1536761, at *5 (N.D. Cal. Mar. 29, 2018) ("False advertising claims under . . . the fraudulent and unfair prongs of the UCL are governed by the 'reasonable consumer' standard"); Samica Enters. Ltd. Liab. Co. v. Mail Boxes Etc., Inc., 460 F. App'x 664, 667 (9th Cir. 2011) ("Appellants' claims under [the UCL] are governed by the 'reasonable consumer' test. ... Under the reasonable consumer standard, Appellants must show that members of the public are likely to be deceived.") (citation omitted). Here, plaintiff alleges that the written confirmations sent by Morgan Creek expressly stating that plaintiff had been removed from all mailing lists were misleading to the reasonable consumer. See FAC ¶¶ 37-39. Plaintiff adequately states a claim under the "unfair" prong of the UCL.

Moreover, plaintiff adequately states a claim under the "fraudulent" prong of the UCL by alleging that defendants' engaged in fraudulent conduct "because the false 'approved' and 'funded' subject lines [of emails sent by defendants], and [defendants'] false written confirmations of removal, were likely to deceive members of the public." See AlterG, Inc. v. Boost Treadmills LLC, 388 F. Supp. 3d 1133, 1156 (N.D. Cal. 2019) ("To state a claim under the fraudulent prong of the UCL, 'it is necessary only to show that members of the public are likely to be deceived' by the business practice or advertising at issue.") (citing case).

As the Court has discussed, plaintiff adequately alleges that it suffered injury in fact because it alleges that it suffered "harm[]" as a result of defendants' conduct and seeks "actual damages" suffered. SAC ¶ 51; SAC at 16.

Accordingly, the Court **DENIES** Morgan Cash and YYM LLC's motion to dismiss plaintiff's UCL claim.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's Morgan Cash and YYM LLC's motion to dismiss plaintiff's SAC.

Morgan Cash and YYM LLC shall file an answer to the SAC within fourteen (14) days of the date of this order.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | CMJ | | |